# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: <br><br> OLYMPIA SPORTS ACQUISITIONS, LLC, a Delaware limited liability company, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10853 (MFW) <br><br> **Re: Docket No. 3** |
| IN RE: <br><br> RSG ACQUISITIONS, LLC, a Delaware limited liability company, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10854 (MFW) <br><br> **Re: Docket No. 2** |
| IN RE: <br><br> PROJECT RUNNING SPECIALTIES, INC., a Delaware corporation, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10855 (MFW) <br><br> **Re: Docket No. 2** |
| IN RE: <br><br> PROJECT SAGE ACQUISITION, LLC, a Delaware limited liability company, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10856 (MFW) <br><br> **Re: Docket No. 2** |
| IN RE: <br><br> LEGACY SHOES, INC., a Delaware corporation, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10857 (MFW) <br><br> **Re: Docket No. 2** |
| IN RE: <br><br> CLEVER TRAINING OPERATING CO., LLC, a Delaware limited liability company, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10858 (MFW) <br><br> **Re: Docket No. 2** |

| | |
|---|---|
| IN RE:<br><br>THE RUNNING SPECIALTY GROUP LLC, an Indiana limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10859 (MFW)<br><br>**Re: Docket No. 2** |
| IN RE:<br><br>THE RUNNING SPECIALTY GROUP ACQUISITIONS 1, LLC, an Indiana limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10860 (MFW)<br><br>**Re: Docket No. 2** |
| IN RE:<br><br>HEART MONITOR OPERATING, LLC, a Florida limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10861 (MFW)<br><br>**Re: Docket No. 2** |
| IN RE:<br><br>SPLASH BOUTIQUE OPERATING, LLC, a Florida limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10862 (MFW)<br><br>**Re: Docket No. 2** |
| IN RE:<br><br>BARGAIN FITNESS OPERATING, LLC, a Florida limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10863 (MFW)<br><br>**Re: Docket No. 2** |
| IN RE:<br><br>DIGITAL BUSINESS OPERATING, LLC, a Florida limited liability company,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10864 (MFW)<br><br>**Re: Docket No. 2** |

| | |
|---|---|
| IN RE:<br><br>FSSS OPERATING, LLC, a Florida limited liability company,<br><br>            Debtor. | Chapter 11<br><br>Case No. 22-10865 (MFW)<br><br>**Re: Docket No. 2** |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations in Support of First Day Motions; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

3

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 22-10853 (MFW).

3. The caption of the jointly administered cases shall read as follows:

| | |
|---|---|
| In re:<br><br>OLYMPIA SPORTS ACQUISITIONS, LLC, a Delaware limited liability company, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-10853 (MFW)<br><br>Jointly Administered Cases |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry substantially similar to the following shall be entered on the docket of Olympia Sports Acquisitions, LLC, a Delaware limited liability company to reflect the joint administration of these cases:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are (1) Olympia Sports Acquisitions, LLC, a Delaware limited liability company (1451); (2) RSG Acquisitions, LLC, a Delaware limited liability company (1599); (3) Project Running Specialties, Inc., a Delaware corporation (6001); (4) Project Sage Acquisition, LLC, a Delaware limited liability company (7727); (5) Legacy Shoes, Inc., a Delaware corporation (1185); (6) Clever Training Operating Co., LLC, a Delaware limited liability company (9177); (7) The Running Specialty Group LLC, an Indiana limited liability company (5378); (8) The Running Specialty Group Acquisitions 1, LLC, an Indiana limited liability company (5505); (9) Heart Monitor Operating, LLC, a Florida limited liability company (6100); (10) Splash Boutique Operating, LLC, a Florida limited liability company (6139); (11) Bargain Fitness Operating, LLC, a Florida limited liability company (8666); (12) Digital Business Operating, LLC, a Florida limited liability company (9802); and (13) FSSS Operating, LLC, a Florida limited liability company (8585). The location of the Debtors' corporate headquarters is 9 N. River Road, PMB 650, Auburn, ME 04210.

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: (1) Olympia Sports Acquisitions, LLC, a Delaware limited liability company, Case No. 22-10853, (2) Project Running Specialties, Inc., a Delaware corporation, Case No. 22-10855, (3) RSG Acquisitions, LLC, a Delaware limited liability company, Case No. 22-10854, (4) Project Sage Acquisitions, LLC, a Delaware limited liability company, Case No. 22-10856, (5) Legacy Shoes, Inc., a Delaware corporation, Case No. 22-10857, (6) Clever Training Operating Co., LLC, a Delaware limited liability company, Case No. 22-10858, (7) The Running Specialty Group LLC, an Indiana limited liability company, Case No. 22-10859; (8) The Running Specialty Group Acquisitions 1, LLC, an Indiana limited liability company, Case No. 22-10860; (9) Heart Monitor Operating, LLC, a Florida limited liability company, Case No. 22-10861; (10) Splash Boutique Operating, LLC, a Florida limited liability company, Case No. 22-10862; (11) Bargain Fitness Operating, LLC, a Florida limited liability company, Case No. 22-10863; (12) Digital Business Operating, LLC, a Florida limited liability company, Case No. 22-10864; and (13) FSSS Operating, LLC, a Florida limited liability company, Case No. 22-10865. The docket in Case No. 22-10853 should be consulted for all matters affecting this case.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases. This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

7. The terms of and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 14th, 2022
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE