**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>OLYMPIA SPORTS ACQUISITIONS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10853 (MFW)<br><br>Jointly administered |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors'[1] Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") qualify, are incorporated by reference in, and comprise an integral part of, the Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Cases") filed under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Schedules and Statements were prepared pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of the Debtors. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable best efforts to report the assets and liabilities of the Debtors. While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are (1) Olympia Sports Acquisitions, LLC, a Delaware limited liability company (1451); (2) RSG Acquisitions, LLC, a Delaware limited liability company (1599); (3) Project Running Specialties, Inc., a Delaware corporation (6001); (4) Project Sage Acquisition, LLC, a Delaware limited liability company (7727); (5) Legacy Shoes, Inc., a Delaware corporation (1185); (6) Clever Training Operating Co., LLC, a Delaware limited liability company (9177); (7) The Running Specialty Group LLC, an Indiana limited liability company (5378); (8) The Running Specialty Group Acquisitions 1, LLC, an Indiana limited liability company (5505); (9) Heart Monitor Operating, LLC, a Florida limited liability company (6100); (10) Splash Boutique Operating, LLC, a Florida limited liability company (6139); (11) Bargain Fitness Operating, LLC, a Florida limited liability company (8666); (12) Digital Business Operating, LLC, a Florida limited liability company (9802); and (13) FSSS Operating, LLC, a Florida limited liability company (8585). The location of the Debtors' corporate headquarters is 9 N. River Road, PMB 650, Auburn, ME 04210.

1

information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements. As a result, inadvertent errors or omissions may exist, and there can be no assurance that these Schedules and Statements are complete.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to (a) amend the Schedules and Statements with respect to a claim (as defined in section 101(5) of the Bankruptcy Code) description, designation, or Debtors against which the claim is asserted, (b) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification, (c) subsequently designate any claim as "disputed," "contingent," or "unliquidated," or (d) object to the extent, validity, enforceability, priority, or avoidability of any claim. Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed or against the Debtors. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to these Cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers). Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the foregoing reservation of rights.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. In no event will the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Mark Coffey, Chief Executive Officer and President of all the Debtor entities with the exception of Project Running Specialties, Inc., of which he is the Vice President. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Coffey necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Coffey has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[1] Disclosure of information in one or more Schedules, one or more

Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

*Neither the Schedules and Statements, nor the Global Notes, should be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.*

## Global Notes and Overview of Methodology

### Description of Cases and Information Date

On September 11, 2022 (the "Petition Date"), the Debtors filed their respective voluntary petitions with this Bankruptcy Court for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 23, 2022, an Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases. Except as otherwise noted, the information set forth herein is provided as of the close of business on the Petition Date.

### Basis of Presentation

These Schedules and Statements reflect the assets and liabilities of the Debtors, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

These Schedules and Statements represent the Debtors' good faith attempt to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules using commercially reasonable efforts and resources available and are subject to further review and potential adjustment.

It should be noted that the Debtors historically maintained two general ledgers from which they produced four sets of financial statements, one for each of the primary operating divisions (Olympia Sports Acquisitions, LLC, Legacy Shoes, Inc., Clever Training Operating Co., LLC, and The Running Specialty Group Acquisitions 1, LLC). The financial statements for Clever Training Operating Co., LLC historically included its five subsidiaries such that they were presented as if they were one single entity. The financial statements for Project Running Specialties, Inc. and Project Sage Acquisition, LLC were not consistently maintained but have since been recreated based on historic bank statements. The remaining Debtors did not have active operations and so did not maintain financial statements. These Schedules and Statements continue to reflect this basis of presentation, since they are derived from those underlying books and records.

### Amendment of Schedules and Statements

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

## <u>General Notes Applicable to Schedules and Statements</u>

1.     **Recharacterization**.  The Debtors made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

2.     **Claim Designations**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Debtors reserve all rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate.  Listing a claim does not constitute an admission of liability by the Debtors.

3.     **Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

4.     **Unknown Amounts**.  The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

5.     **Court Orders**.  Pursuant to certain orders of the Bankruptcy Court entered in the Cases on or about September 15, 2022 (the "<u>First Day Orders</u>"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, insurers, and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore may not be listed in the Schedules and Statements.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), such payment shall constitute satisfaction of any such scheduled claim but the Debtors reserve all rights.

6.     **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the  Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, such payment shall constitute satisfaction of any such scheduled claim but the Debtors reserve all rights.

7.     **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to modify, amend, or supplement the Schedules and Statements as they deem appropriate in this regard.

8.      **Excluded Assets and Liabilities**.  The Debtors may have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries and employee benefit accruals.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.  The Debtors may also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist.  Also, certain immaterial assets and liabilities may have been excluded.

9.      **Confidential or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual based on the Health Insurance Portability and Accountability Act of 1996 or otherwise.  The alterations will be limited to only what is necessary to protect the Debtors or third party.  In some instances, the redacted information may be available upon request.

10.     **Leases**.  The Debtors did not include in the Schedules and Statements the future obligations of any capital or operating leases.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules. Nothing in the Schedules or Statements (including, without limitation the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all rights with respect to such issues.

11.     **Guarantees and Other Secondary Liability Claims**.  The Debtors used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve all rights to amend the Schedules to the extent that additional Guarantees are identified.

12.     **Executory Contracts**.  Although the Debtors have made diligent efforts to attribute an executory contract to their rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

13.     **Estimates**.  To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

14.     **Fiscal Year.** The Debtors' fiscal year ends on December 31.

15.     **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any

lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

16.    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

17.    **Insiders**.  In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors included information with respect to the individuals the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability, or (2) any other purpose.

18.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known and estimated amounts that are included in the Schedules and Statements.  To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be materially different than the listed total.  The description of an amount as "unknown", "disputed", "contingent", "unliquidated", or "undetermined" is not intended to reflect upon the materiality of such amount.

19.    **Exclusions.**  The Debtors may have excluded certain categories of assets and liabilities from the Schedules and Statements, including accrued liabilities such as accrued salaries and employee benefits (including accrued personal time off) and accrued accounts payable, as well as assets with a net book value of zero.  Other non-material assets and liabilities may have also been excluded.

<u>**Specific Notes Regarding the Schedules and Statements**</u>

**Specific Notes Regarding the Statements**

1.    **Gross Revenue**.  Amounts listed for gross revenue in Part 1 of the Statements from the beginning of the fiscal year to just before the Petition Date reflect gross revenue from the Debtors' business for the period of January 1, 2022, through and including the Petition Date.

2.    **90 Day Payments.**  The dates set forth in the "Dates of Payment" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the date that a check was issued.  Item 3 includes any disbursement or other transfers made by the Debtors within 90 days before the Petition Date except for compensation and benefits made to

employees, including insiders (which payments appear in response to Item 4).

3.    **Insider Payments**. The Debtors made reasonable, good faith efforts to list all material payments made to or for the benefit of insiders with one year before the filing of the case. However, it would be unduly burdensome to determine the amount of certain employee benefits provided to insiders by the Debtors, which include, among other things, the employer portion of health insurance premiums. Moreover, the payment of such amounts was authorized by the Employee Wage Order (as defined herein). The Debtors believe that the expenses underlying any employee reimbursements were incurred for the benefit of the Debtors, and not insiders.

Further, and as discussed below, the Debtors remain in process of further analyzing the intercompany amounts owed to and from other Debtors, which would constitute payments to Insiders. These Statements will be updated, as required, when such analysis is complete.

**Specific Notes Regarding Schedule A/B**

1.    **Bank Account Balances**. In the event of any conflict between the Cash Management Motion and the Statements and Schedules, the information contained in the Statements and Schedules shall control.

2.    **Intercompany Balances.** The Debtors are in process of further analyzing the intercompany amounts owed to and from other Debtors. These have been preliminarily scheduled at "Unknown" amount and marked as being "Unliquidated," pending the initial results of such efforts.

**Specific Notes Regarding Schedule E/F**

1.    **Creditors Holding Priority Unsecured Claims**. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all rights to dispute the amount and/or the priority status of any claim on any basis at any time.

The Bankruptcy Court entered the *Final Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Other Employee Obligations And (B) Maintain Employee Benefits and Pay Related Administrative Obligations; and (II) Granting Related Relief* [Docket No.75], granting authority to the Debtors to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order"). Pursuant to the Employee Wage Order, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, payroll deductions, employee benefits, and other benefits and fees. The Debtors have not listed on Schedule E/F any wage or employment-related obligations owed to non-insiders for which the Debtors have been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court. The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during these Cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court.

2.    **Intercompany Balances.** The Debtors are in process of further analyzing the intercompany amounts owed to and from other Debtors. These have been preliminarily scheduled at "Unknown" amount and marked as being "Unliquidated", pending the initial results of such efforts.

**Specific Notes Regarding Schedule G**

The Debtors' books and records may not be complete with respect to all unexpired leases and/or executory contracts to which they are a party and that were pending as of the Petition Date. In particular, the Debtors may be party to agreements and understandings that are "oral" or "verbal" in nature; while the Debtors have made reasonable efforts to identify these agreements and disclose them in the Schedules, there may be some that are not yet known or identified. Certain of the executory contracts and unexpired leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G or Schedule B. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. The Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any contract, agreement or lease set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.

Schedule G includes nineteen (19) leases which were assigned to Fleet Feet Sports, LLC as part of a pre-petition asset purchase agreement and related assignment and assumption agreement made part of the asset purchase agreement. However, the Debtors understand that the landlords to such leases may not have consented to the assignments.  While the Debtors do not believe they have any interest in the leases, they are included in Schedule G out of an abundance of caution.

*      *      *      *      *      *      *

**Fill in this information to identify the case:**

Debtor name _____RSG Acquisitions, LLC_____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): ____22-10854 (MFW)____

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From _____ to   Filing date<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
| **For prior year:** | From _____ to _____<br>MM / DD / YYYY     MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
| **For the year before that:** | From _____ to _____<br>MM / DD / YYYY     MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From _____ to   Filing date<br>MM / DD / YYYY | _____ | $_____ |
| **For prior year:** | From _____ to _____<br>MM / DD / YYYY     MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** | From _____ to _____<br>MM / DD / YYYY     MM / DD / YYYY | _____ | $_____ |

Debtor    RSG Acquisitions, LLC
_____    Case number *(if known)* 22-10854 (MFW)
         Name

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State          ZIP Code | | | ☐ Other _____ |
| 3.2. | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State          ZIP Code | | | ☐ Other _____ |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |
| 4.2. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |

Debtor    RSG Acquisitions, LLC
_____
Name

Case number (*if known*) 22-10854 (MFW)
_____

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $ _____ |
| | Creditor's name | | _____ | |
| | Street | | | |
| | | | | |
| | City        State        ZIP Code | | | |
| 5.2. | | | | $ _____ |
| | Creditor's name | | _____ | |
| | Street | | | |
| | | | | |
| | City        State        ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $ _____ |
| Creditor's name | | _____ | |
| Street | | | |
| | Last 4 digits of account number: XXXX– __ __ __ __ | | |
| City        State        ZIP Code | | | |

## Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | See attached rider | | Name | ☐ Pending |
| | | | Street | ☐ On appeal |
| | Case number | | | ☐ Concluded |
| | | | City        State        ZIP Code | |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending |
| | | | Name | ☐ On appeal |
| | Case number | | Street | ☐ Concluded |
| | | | City        State        ZIP Code | |

Debtor    RSG Acquisitions, LLC _____    Case number *(if known)* 22-10854 (MFW) _____
        Name

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $ _____ |
| Custodian's name | | |
| Street | **Case title** | **Court name and address** |
| | _____ | |
| City     State     ZIP Code | | Name |
| | **Case number** | Street |
| | _____ | |
| | **Date of order or assignment** | City     State     ZIP Code |
| | _____ | |

---

## Part 4:  Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | _____ | _____ | _____ | $ _____ |
| | Recipient's name | | | |
| | Street | _____ | | |
| | _____ | | | |
| | City   State   ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | _____ | | | |
| 9.2. | _____ | _____ | _____ | $ _____ |
| | Recipient's name | | | |
| | Street | _____ | | |
| | _____ | | | |
| | City   State   ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | _____ | | | |

---

## Part 5:  Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ | _____ | _____ | $ _____ |

---

Debtor    RSG Acquisitions, LLC
_____
          Name

Case number (*if known*) 22-10854 (MFW)
_____

---

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** | _____ | | |
| _____ | | | |

---

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor    RSG Acquisitions, LLC
_____
Name

Case number *(if known)* 22-10854 (MFW)
_____

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

| | Who received transfer? | | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| | _____ | _____ | _____ | $_____ |
| 13.2. | _____ | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | | Dates of occupancy |
|---|---|---|---|
| 14.1. | See attached rider | From _____ | To _____ |
| | Street | | |
| | _____ | | |
| | City          State     ZIP Code | | |
| 14.2. | _____ | From _____ | To _____ |
| | Street | | |
| | _____ | | |
| | City          State     ZIP Code | | |

Debtor      RSG Acquisitions, LLC
            _____          Case number *(if known)* 22-10854 (MFW)
            Name

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____<br>Facility name | _____<br>_____ | _____ |
| _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____<br>City        State        ZIP Code | _____ | *Check all that apply:*<br>☑ Electronically<br>☑ Paper |
| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| 15.2. _____<br>Facility name | _____<br>_____ | _____ |
| _____<br>Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____<br>City        State        ZIP Code | _____ | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

   Yes. Does the debtor serve as plan administrator?

      ☐ No. Go to Part 10.

      ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

   Has the plan been terminated?

   ☐ No

   ☐ Yes

Debtor    RSG Acquisitions, LLC
　　　　　　Name

Case number *(if known)* 22-10854 (MFW)

---

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____<br>Name<br>_____<br>Street<br>_____<br>City　State　ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | _____<br>Name<br>_____<br>Street<br>_____<br>City　State　ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City　State　ZIP Code | _____<br>_____<br>_____<br><br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City　State　ZIP Code | _____<br>_____<br>_____<br><br>**Address**<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

Debtor    RSG Acquisitions, LLC
_____     Case number (*if known*) 22-10854 (MFW)
Name    _____

---

## Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| _____ Name | _____ | _____ | |
| _____ Street | _____ | _____ | |
| _____ | | | |
| City        State        ZIP Code | | | |

---

## Part 12:    Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | _____ | ☐ Pending |
| **Case number** | _____ Name | _____ | ☐ On appeal |
| _____ | _____ Street | _____ | ☐ Concluded |
| | _____ City        State        ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Name | _____ Name | _____ | _____ |
| _____ Street | _____ Street | _____ | |
| _____ | _____ | _____ | |
| City        State        ZIP Code | City        State        ZIP Code | | |

---

Debtor    RSG Acquisitions, LLC _____     Case number (*if known*) 22-10854 (MFW)
          Name

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City        State        ZIP Code | City        State        ZIP Code | | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

|  | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | See attached rider<br>Name<br>Street<br>City    State    ZIP Code | _____<br>_____<br>_____ | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br>From _____ To _____ |
| 25.2. | Business name and address<br>Name<br>Street<br>City    State    ZIP Code | _____<br>_____<br>_____ | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br>From _____ To _____ |
| 25.3. | Business name and address<br>Name<br>Street<br>City    State    ZIP Code | _____<br>_____<br>_____ | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br>From _____ To _____ |

---

Debtor    RSG Acquisitions, LLC
         _____    Case number (*if known*) 22-10854 (MFW)
         Name

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.  See attached rider<br>Name<br><br>Street<br><br>City                    State          ZIP Code | From _____   To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2.  _____<br>Name<br><br>Street<br><br>City                    State          ZIP Code | From _____   To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.  See attached rider<br>Name<br><br>Street<br><br>City                    State          ZIP Code | From _____   To _____ |

| Name and address | Dates of service |
|---|---|
| 26b.2.  _____<br>Name<br><br>Street<br><br>City                    State          ZIP Code | From _____   To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  FORCE 10 PARTNERS<br>Name<br>5271 California Ave<br>Street<br>Suite 270<br>Irvine                  CA             92617<br>City                    State          ZIP Code | _____<br>_____<br>_____ |

Debtor    RSG Acquisitions, LLC
_____    Case number *(if known)* 22-10854 (MFW)
Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. _____ <br> Name <br> _____ <br> Street <br> _____ <br> City　　　　　State　　　ZIP Code | _____ <br> _____ <br> _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1.　White Oak Commercial Finance <br> Name <br> 1155 Avenue of the Americas, 15th Floor <br> Street <br> New York　　　　　NY　　　10036 <br> City　　　　　State　　　ZIP Code |

| Name and address |
|---|
| 26d.2. _____ <br> Name <br> _____ <br> Street <br> _____ <br> City　　　　　State　　　ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. _____ <br> Name <br> _____ <br> Street <br> _____ <br> City　　　　　State　　　ZIP Code |

Debtor    RSG Acquisitions, LLC _____    Case number (*if known*) 22-10854 (MFW)_____
_____Name_____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.
_____
Name
_____
Street
_____
City                          State          ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See attached rider | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Bill Kirkendall | 9 N River Road, PMB 650, Auburn, ME  04210 | CEO | From 10-2020 To 12/13/2021 |
| Beau Swenson | 9 N River Road, PMB 650, Auburn, ME  04210 | CFO | From 1/27/2021 To 12/13/2021 |
| Greg Beidler | 9 N River Road, PMB 650, Auburn, ME  04210 | COO | From 1/27/2021 To 12/13/2021 |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. _____ Name | _____ | _____ | _____ |
| _____ Street | | _____ | |
| _____ City          State    ZIP Code | | _____ | |
| Relationship to debtor | | _____ | |
| _____ | | _____ | |

Debtor     RSG Acquisitions, LLC
_____     Case number (if known) 22-10854 (MFW)
           Name

| Name and address of recipient | | | |
|---|---|---|---|
| 30.2 | | | |
| Name | | | |
| Street | | | |
| City                    State          ZIP Code | | | |
| **Relationship to debtor** | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Project Running Specialties, Inc. | EIN: 8  1  –  5  2  0  6  0  0  __ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ |

## Part 14:     Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/28/2022
              MM  / DD  / YYYY

✘ /s/ Mark Coffey                                    Printed name   Mark Coffey
  Signature of individual signing on behalf of the debtor

  Position or relationship to debtor   CEO & President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

**RSG Acquisitions, LLC**                                                    **Case Number: 22-10854 (MFW)**

| Part 3: | Statement of Financial Affairs for<br>Non-Individuals Filing for<br>Bankruptcy |
|---|---|

Legal Actions of Assignments

7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits within 1 year before filing this case

| | CASE TITLE | CASE NUMBER | NATURE OF CASE | COURT OR AGENCY'S NAME AND ADDRESS | STATUS |
|---|---|---|---|---|---|
| 7.1 | Nike USA, Inc v Olympia Sports Acquisitions, LLC; RSG Acquisitions, LLC; The Running Specialty Group, LLC; The Running Specialty Group Acquisitions 1, LLC; Clever Training Operating Co, LLC; Shoebuy.com, Inc. | 1:22-cv-00901-UNA | Complaint | USDC - Delaware | _X_Pending<br>___On appeal<br>___Concluded |
| 7.2 | Fast Slow Motion, LLC v The Running Specialty Group, LLC d/b/a Antero Brands | 58-CV-2022-900379.00 | | Ciruit Court of Shelby County, Alabama | _X_Pending<br>___On appeal<br>___Concluded |
| 7.3 | J Street 1976 and Fleet Feet v The Running Specialty Group, LLC; The Running Specialty Group Acquisitions 1, LLC; and RSG Acquisitions, LLC | 2022-0654 | Motion for expedited procedures on injuctive relief | Delaware Court of Chancery | _X_Pending<br>___On appeal<br>___Concluded |
| 7.4 | SLG Systems, Inc. v Antero Brands; Jackrabbit; RSG Acquisitions, LLC | UNN-L-002155-22 | Complaint | | _X_Pending<br>___On appeal<br>___Concluded |

**RSG Acquisitions, LLC**                                    **Case Number:  22-10854 (MFW)**

| Part 7: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Previous Locations |

14.  List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

| | Description of Location | Address | City | State | Zip | Dates Occupied |
|---|---|---|---|---|---|---|
| 14.1 | Corporate Mailing | 9 N River Rd PMB 650 | Auburn | ME | 04201 | 05/06/2022 - Present |
| 14.2 | Corporate Office | 231 Milwaukee St | Denver | CO | 80206 | 9/11/2019 - 3/31/2022 |
| 14.3 | Corporate Office | 299 Milwaukee St | Denver | CO | 80206 | 1/1/2020 - 1/12/2022 |
| 14.4 | Corporate Office | 33 McAlister Farm Rd | Portland | ME | 04103 | 01/01/2020 - 9/30/2022 |

**RSG Acquisitions, LLC**                                                    **Case Number: 22-10854 (MFW)**

| Part 13: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

25.  Other businesses in which the debtor has or has had an interest within 6 years before filing.

| | Business name and address | Describe the nature of the business | Employer Identification Number | Dates business existed From - To |
|---|---|---|---|---|
| 25.1 | Olympia Sports Acquisitions, LLC<br>9 N River Road, PMB 650<br>Auburn, ME  04210 | Retail sporting goods company | 84-306-1451 | 9/11/2019 - present |
| 25.2 | Project Sage Acquisition, LLC<br>9 N River Road, PMB 650<br>Auburn, ME  04210 | Retail sporting goods company | 85-2697727 | 12/23/2020 - present |
| 25.3 | The Running Specialty Group, LLC<br>9 N River Road, PMB 650<br>Auburn, ME  04210 | Retail sporting goods company | 45-2905378 | 7/25/2011 - present |

**RSG Acquisitions, LLC**                                   **Case Number: 22-10854 (MFW)**

| Part 13: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

26.  Books, records, and financial statements

    26a.  List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing the case

| | Name | Address | Begin Date of Service | End Date of Service |
|---|---|---|---|---|
| 26a.1 | Beau Swenson - CFO | Antero Brands<br>9 N River Rd - PMB 650<br>Auburn, ME  04210 | 9/11/2020 | 12/14/2021 |
| 26a.2 | Etonien - Mark Arigan | Etonien, LLC<br>222 N Pacific Coast Hwy<br>Suite 1507<br>El Segundo, CA  90245 | 12/21/2021 | 2/23/2022 |
| 26a.3 | Etonien - JD Floyd | Etonien, LLC<br>222 N Pacific Coast Hwy<br>Suite 1507<br>El Segundo, CA  90245 | 2/2/2022 | 5/13/2022 |
| 26a.4 | Yvonne Jara - Controller | Antero Brands<br>9 N River Rd - PMB 650<br>Auburn, ME  04210 | 5/24/2022 | Present |

**RSG Acquisitions, LLC**                                                      **Case Number: 22-10854 (MFW)**

**Part 13** **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**
Details About the Debtor's Business or Connections to Any Business

26. Books, records, and financial statements
   26b. All firms or individuals who have audited, compiled, or reviewed books and records or prepared a financial statement
        within 2 years before filing the case.

| | Name | Address | Begin Date of Service | End Date of Service |
|---|---|---|---|---|
| 26b.1 | FORCE 10 PARTNERS | 5271 California Ave, Suite 270, Irvine, CA  92617 | 4/18/2022 | Current |
| 26b.2 | Plante & Moran, PLLC | 1155 Canyon Blve, Suite 400, Boulder, CO  80302 | 2020 | 2022 |
| 26b.3 | Richardson Kontogouris Emerson LLP-RKE | 2942 Columbia Street, Torrance, CA  90503 | Inception | Current |

**RSG Acquisitions, LLC**                                                                    **Case Number: 22-10854 (MFW)**

| Part 13: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other
    people in control of the debtor at the time of the filing of this case.

| | Name | Address | Position | Nature of Interest | % of Interest, if any |
|---|---|---|---|---|---|
| 28.1 | Mark Coffey | 9 N River Road, PMB 650, Auburn, ME 04210 | CEO & President | | |
| 28.2 | Matt Young | 9 N River Road, PMB 650, Auburn, ME 04210 | Vice President | | |
| 28.3 | Brad Holtmeier | 9 N River Road, PMB 650, Auburn, ME 04210 | Secretary & Vice President | | |
| 28.4 | Carlos Rodriguez | 9 N River Road, PMB 650, Auburn, ME 04210 | Vice President | | |
| 28.5 | Project Running Specialties, Inc. | 9 N River Road, PMB 650, Auburn, ME 04210 | | Equity Holder | 99.000% |
| 28.6 | William Matthew Young Separate Property Trust | C/O CriticalPoint Capital, LLC, 1230 Rosecrans Ave, Suite 170, Manhattan Beach, CA 90266 | | Equity Holder | 0.750% |
| 28.7 | Brad Holtmeier Separate Property Trust | C/O CriticalPoint Capital, LLC, 1230 Rosecrans Ave, Suite 170, Manhattan Beach, CA 90266 | | Equity Holder | 0.250% |