**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| OLYMPIA SPORTS ACQUISITIONS, LLC, *et al.*, | Case No. 22-10853 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 784** |

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING, AND OCCURRENCE
OF EFFECTIVE DATE OF COMBINED DISCLOSURE STATEMENT AND CHAPTER
11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND THE OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **A.**     **Confirmation of the Plan.**

On June 27, 2023, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. 784] (the "<u>Confirmation Order</u>")[2] confirming the Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed By the Debtors and the Official Committee of Unsecured Creditors (collectively with all exhibits and supplements and any modifications or other amendments thereto, the "<u>Plan</u>") in the Chapter 11 cases (the "<u>Chapter 11 Cases</u>") of the above-captioned debtors (collectively, the "<u>Debtors</u>").

    **B.**     **Occurrence of the Effective Date, Appointment of the Trustee and the Vesting of the Estates' Assets.**

The Plan became effective on July 14, 2023 (the "<u>Effective Date</u>"). As of the Effective Date, among other things, (a) the Trustee was appointed with the power to exercise the rights, power, and authority of the Trust under applicable provisions of the Plan, Trust Agreement, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are (1) Olympia Sports Acquisitions, LLC, a Delaware limited liability company (1451); (2) RSG Acquisitions, LLC, a Delaware limited liability company (1599); (3) Project Running Specialties, Inc., a Delaware corporation (6001); (4) Project Sage Acquisition, LLC, a Delaware limited liability company (7727); (5) Legacy Shoes, Inc., a Delaware corporation (1185); (6) Clever Training Operating Co., LLC, a Delaware limited liability company (9177); (7) The Running Specialty Group LLC, an Indiana limited liability company (5378); (8) The Running Specialty Group Acquisitions 1, LLC, an Indiana limited liability company (5505); (9) Heart Monitor Operating, LLC, a Florida limited liability company (6100); (10) Splash Boutique Operating, LLC, a Florida limited liability company (6139); (11) Bargain Fitness Operating, LLC, a Florida limited liability company (8666); (12) Digital Business Operating, LLC, a Florida limited liability company (9802); and (13) FSSS Operating, LLC, a Florida limited liability company (8585). The location of the Debtors' corporate headquarters is 9 N River Road, PMB 650, Auburn, ME 04210.

[2] Capitalized terms used but not defined in this Notice shall have the same meanings given to them in the Plan and the Confirmation Order.

bankruptcy and non-bankruptcy law; and (c) except as otherwise provided in the Plan, all property of the Estates and the Debtors became the property of, and vested in, the Trust free and clear of all Claims, Liens, charges, other encumbrances, and interests.

### C.     Resolution of Disputed Claims.

Except as otherwise provided in the Plan, unless otherwise ordered by the Bankruptcy Court after notice and a hearing, and subject to section 502(a) of the Bankruptcy Code, the Trust, acting by and through the Trustee, has the right to make, file, prosecute, settle, compromise, withdraw, or resolve objections to Claims. Further, the Trust may settle, resolve, release, or compromise any Claims and objections to Claims on behalf of the Debtors and the Trust, to the extent that they are authorized under the Plan, without need for notice or order of the Bankruptcy Court.

### D.     Exculpation; Injunction.

Exculpation and Limitation of Liability

(a)     The Exculpated Parties will neither have nor incur any liability to any entity for any claims or causes of action for any act or omission occurring on or after the Petition Date and prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to (i) preparation for the filing of the Chapter 11 Cases; (ii) the Chapter 11 Cases or in connection with the administration of the Chapter 11 Cases, (iii) the negotiation or approval of any agreements or pleadings that were either filed with the Bankruptcy Court or incident to the Chapter 11 Cases, (iv) formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the consummation of the Plan, or any other contract, instrument, release or other agreement or document created or entered into in connection with the Plan, (v) any other postpetition act taken or omitted to be taken in connection with or in contemplation of liquidation of the Debtors, or (vi) the confirmation of the Plan; *provided, however*, that the foregoing provisions will have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted actual fraud, gross negligence or willful misconduct; *provided, further,* that the Exculpated Parties will each be entitled to raise as an affirmative defense that they relied upon the advice of counsel concerning their duties pursuant to, or in connection with, the above referenced documents, actions or inactions.

(b)     The Exculpated Parties have, and upon confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and Distributions pursuant to the Plan, and, therefore, are not, and on account of such Distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such Distributions made pursuant to the Plan.

Injunction.

(a)    EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, OR SETTLED PURSUANT TO THE PLAN; AND (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM WITH THE PROVISIONS OF THE PLAN TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW.

(b)    THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS HEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTORS OR ANY OF THEIR ASSETS, PROPERTY OR ESTATES. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED, AND ALL SUCH CLAIMS AND INTERESTS SHALL BE DEEMED SURRENDERED AND EXTINGUISHED.

(c)    EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR HEREIN OR IN OBLIGATIONS ISSUED PURSUANT HERETO FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED, AND ALL INTERESTS SHALL BE DEEMED SURRENDERED OR EXTINGUISHED, AS THE CASE MAY BE, AND THE DEBTORS' LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(G) OF THE BANKRUPTCY CODE.

(d)    ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTORS, THE DEBTORS' ESTATES, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

E.   **Rejection of Executory Contracts and Unexpired Leases Not Assumed.**

Except as otherwise provided (i) in the Plan; (ii) the Confirmation Order; (iii) in any contract, instrument, release, or other agreement or document entered into in connection with the Plan; or (iv) in a Final Order of the Bankruptcy Court, as of the Effective Date, all Executory Contracts will be deemed rejected as of the Effective Date in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, except with respect to the Consultant Agreement by and between Running Specialty Group Acquisitions 1, LLC and Olympia, and Garden Road Capital Advisors, LLC t/a Class Action Financial Settlements, dated November 11, 2019 and except with respect to any Executory Contract that: (a) the Debtors previously assumed, assumed and assigned or rejected, or (b) for which, prior to the Effective Date, the Debtors have filed a motion to assume, assume and assign, or reject on which the Bankruptcy Court has not ruled. Also, to the extent the Debtors' contract with NetSuite as extended in March 2023 is considered an executory contract, it shall be assumed as of the Effective Date. Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of all rejections of Executory Contracts pursuant to this Article and sections 365(a) and 1123 of the Bankruptcy Code.

F.   **Bar Dates.**

<u>Administrative Bar Date</u>. Unless previously filed or as otherwise governed by a bar date order or in another order of the Court, requests for payment of Administrative Claims must be filed with the Court and served on the parties identified in Article 14.9 of the Plan within thirty (30) days of the Effective Date (the "<u>Administrative Claim Bar Date</u>"). Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, the Trust, or any of their respective property, absent order of the Bankruptcy Court to the contrary. Objections to any requests for payment of Administrative Claims must be asserted by the Claim Objection Deadline.

<u>Professional Compensation</u>. Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases, for the period through the Effective Date, no later than thirty (30) days after the Effective Date. Objections to applications of professionals for compensation or reimbursement of expenses must be filed and served on the Debtors, the Committee, the U.S. Trustee, and the professionals to whose application the objections are addressed no later than twenty-one (21) days after the date the application is Filed, or the Bankruptcy Court may enter an order authorizing the fees without a hearing.

<u>Rejection Damages Bar Date</u>. Claims for damages arising from the rejection by the Debtors of an Executory Contract pursuant to Article 10.1 of the Plan shall not be enforceable against the Debtors or their properties or agents, successors, or assigns, unless a proof of Claim is filed with the Claims Agent so as to actually be received on or before the date that is thirty (30) days after the Effective Date. For the avoidance of doubt, this Plan shall not serve to extend the deadline to submit any Claim arising from the rejection of an Executory Contract pursuant to section 365 of the Bankruptcy Code to the extent that the party asserting such Claim was subject to an earlier deadline.

**G.    Retention of Jurisdiction by Bankruptcy Court.**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retained jurisdiction over the Chapter 11 Cases after the Effective Date to the fullest extent legally permissible, including, without limitation, with respect to all matters specified in Article XIV of the Plan.

**G.    Notice Parties' Service Addresses.**

For purposes of serving requests for payment of Administrative Claims, applications for allowance of Professional Compensation Claims, and any other papers required to be served on the notice parties set forth in the Plan, such service should be made, as applicable, on:

(i)    If to the Debtors:

Jeffrey R. Waxman, Esquire
Brya M. Keilson, Esquire
Morris James LLP
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

Alan J. Friedman, Esquire
Melissa Davis Lowe, Esquire
Shulman Bastian Friedman & Bui LLP
E-mail: afriedman@shulmanbastian.com
E-mail: mlowe@shulmanbastian.com

-and-

(ii)    If to the Trustee:

Steven Balasiano
MHR Advisory Group, LLC
Email: steven@balasianolaw.com

-and-

(iii)    If to the U.S. Trustee:

Linda Richenderfer, Esquire
Email: Linda.Richenderfer@usdoj.gov

5

### H. Filing Claims with the Bankruptcy Court.

Proofs of Claim arising from the rejection of executory contracts or unexpired leases should be filed so as to be <u>received</u> by the Debtors' claims agent on or before the applicable Bar Date at the following addresses:

**If by mail**    BMC Group
                  Attn: Olympia Sports Acquisitions
                  PO Box 90100
                  Los Angeles, CA 90009

Additionally, Proofs of Claim may be delivered electronically using the interface available on the Claims Agent's website at https://cases.creditorinfo.com/olympiasports.  **All proofs of claim arising from the rejection of executory contracts or unexpired leases must be filed by later of (a) 30 days after entry of any order authorizing the rejection of an executory contract or unexpired lease, including any order confirming the Plan, and (b) the date set forth in an order authorizing rejection of an executory contract or unexpired lease.** Proofs of Claim submitted by facsimile or e-mail shall not be accepted.

### I. Copies of Confirmation Order.

Copies of the Plan and the Confirmation Order may be obtain copies of any pleadings filed in these Chapter 11 Case for a fee via PACER at: http://www.deb.uscourts.gov or for free or by visiting the Debtors' website at https://cases.creditorinfo.com/olympiasports.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: July 14, 2023 | **MORRIS JAMES LLP** |
| | |
| | */s/ Jeffrey R. Waxman* |
| | Jeffrey R. Waxman (DE Bar No. 4152) |
| | Brya M. Keilson (DE Bar No. 4643) |
| | 500 Delaware Avenue, Suite 1500 |
| | Wilmington, DE  19801 |
| | Telephone:  (302) 888-6800 |
| | Facsimile:  (302) 571-1750 |
| | E-mail:  jwaxman@morrisjames.com |
| | E-mail:  bkeilson@morrisjames.com |
| | |
| | and |
| | |
| | **SHULMAN BASTIAN FRIEDMAN & BUI LLP** |
| | Alan J. Friedman (admitted *pro hac vice*) |
| | Melissa Davis Lowe (admitted *pro hac vice*) |
| | Max Casal (admitted *pro hac vice*) |
| | 100 Spectrum Center Drive, Suite 600 |
| | Irvine, CA  92618 |
| | Telephone:  (949) 340-3400 |
| | Facsimile:  (949) 340-3000 |
| | E-mail: afriedman@shulmanbastian.com |
| | E-mail: mlowe@shulmanbastian.com |
| | E-mail: mcasal@shulmanbastian.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |